IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLINE MERISIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-2911-X-BN |
| | § | |
| JOHNSON COUNTY, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Through an amended complaint filed December 19, 2019, Plaintiff Carline Merisier, proceeding *pro se*, alleges a series of claims stemming from at least two arrests years apart. *See* Dkt. No. 5. Merisier's case has been referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from United States District Brantley Starr.

Merisier, paying the $400 filing fee, filed her initial complaint – alleging claims stemming from two arrest, one in Denton County, in 2015, and one in 2017, implicating officers or officials in Tarrant and Johnson County. *See* Dkt. No. 3. The next day, the undersigned recommended that the Court sever the Denton County claims, against Defendants Nebraska Furniture Mart ("NFM") and Casey McGregor, and dismiss those claims without prejudice under 28 U.S.C. § 1406(a). Merisier did not object to this recommendation but instead filed an amended complaint.

The amended complaint expands on her claims. While Merisier continues to allege that she was falsely arrested/falsely imprisoned by an Arlington police officer

and by officials in Johnson County, the majority of her claims continue to stem from events that occurred earlier, in Denton County. *See* Dkt. No. 5. After this complaint was filed, the Court accepted the undersigned's recommendation and dismissed the claims against McGregor under Section 1406(a), as NFM was not named as a defendant in the amended complaint. *See* Dkt. No. 7.

Defendants Denton County Criminal District Attorney's Office and Michael Dickens (collectively, the "Denton County Defendants") now move to transfer venue. *See* Dkt. No. 11. And Merisier has filed a response. *See* Dkt. No. 12.

Venue in a civil rights action is governed by 28 U.S.C. § 1391(b). *See Davis v. La. State Univ.,* 876 F.2d 412, 413 (5th Cir. 1989). This statute provides that venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b).

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013).

Under Section 1392(b), venue arguably remains proper in this district as to some of Merisier's claims – those related to Tarrant and Johnson County officers or officials (Counts I, II, III, and XII, against Defendants Zachary T. Jones, Bill Moore, Stuart

Madison, and Jeffrey Acklen). But venue remains improper in this district as to those claims related to events that occurred in Denton County (Merisier's wiretap claims: Counts IV, V, VI, VII, VIII, IX, X, and XI, against the Denton County Defendants, McGregor, and TXFM, Inc., an entity that appears related to NFM).

This misjoinder of defendants implicates Federal Rule of Civil Procedure 21, which "establishes that, 'On motion or on its own, the court may at any time, on just terms, add or drop a party.' FED R. CIV. P. 21. Since Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (per curiam) (citing *Pan Am. World Airways, Inc. v. U.S. Dist. Court for Ctr. Dist. of Cal.*, 523 F.2d 1073, 1079 (9th Cir. 1975)). And,

> [a]lthough Rule 20 relates to the joinder of a party, the analysis of Rule 20 is also useful when considering whether to "drop a party" from a case or not. Under Rule 20, courts use a two-prong test, allowing joinder of a plaintiff when "(1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims."

*Ochoa v. P.A.M. Transp., Inc.*, No. SA-17-CV-787-XR, 2018 WL 7297889, at *1 (W.D. Tex. Aug. 15, 2018) (quoting *Acevedo*, 600 F.3d at 521).

In her amended complaint, Merisier attempts to link her 2017 arrest (and the claims she contends resulted from that arrest) to her wiretap claims. *See, e.g.,* Dkt. No. 5, ¶¶ 19-33. But she alleges no plausible facts to show that all the claims she includes in this complaint arise out of the same transaction, occurrence, or series of transactions or occurrences. *Compare id.*, ¶¶ 19-33 (factual allegations in support of Counts I, II, III,

and XII), *with id.*, ¶¶ 16-18, 34-36 (factual allegations in support of Counts IV-XI).

The counts and defendants in the amended complaint associated with the alleged Denton County occurrences should therefore be severed from this action. And, for the reasons set out above, venue in this district is not proper as to those aspects of this case.

As to the Denton County aspects of this case, Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." And it

> allows a transfer where the first forum chosen is improper due to the existence of some obstacle to adjudication on the merits. [*Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967).] The statute specifically refers to "laying venue in the wrong division or district," but a transfer can be made due to the absence of personal jurisdiction in a district where venue is otherwise proper. *See Bentz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985).... [A] division or district may be "wrong" under Section 1406(a) when the original court lacks personal jurisdiction. *Id.*

*Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.").

"The district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice under § 1406(a)." *LSF4 Loan Invs. I, LLC v. Weingart*, No. 3:06-cv-419-M, 2006 WL 2370803, at *3 (N.D. Tex. Aug. 15, 2006); *see*

*also Carter v. H2R Restaurant Holdings, LLC*, No. 3:16-cv-1554-N-BN, 2016 WL 4507459, at *4 (N.D. Tex. July 15, 2016) ("[C]ourts have consistently understood that they have broad discretion in deciding whether to transfer or dismiss a case based on improper venue." (collecting cases)), *rec. accepted*, 2016 WL 4494370 (N.D. Tex. Aug. 26, 2016).

The Court should therefore grant the Denton County Defendants' motion to transfer venue to the extent that the Court should sever Counts IV, V, VI, VII, VIII, IX, X, and XI (against the Denton County Defendants, McGregor, and TXFM, Inc.) and transfer those aspects of this case to the Sherman Division of the Eastern District of Texas, in which Denton County lies. *See* 28 U.S.C. § 124(c)(3).

## Recommendation

The Court should grant Defendants Denton County Criminal District Attorney's Office and Michael Dickens's motion to transfer venue [Dkt. No. 11] to the extent that the Court should sever Counts IV, V, VI, VII, VIII, IX, X, and XI (against Defendants Denton County Criminal District Attorney's Office, Michael Dickens, TXFM, Inc., and Casey McGregor) and transfer those aspects of this case to the Sherman Division of the Eastern District of Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 31, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE